Filed 1/5/26  P. v. Meza CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064628 |
| v. | (Super. Ct. No. 18WF2507) |
| JOSE GABRIEL MEZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa

Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Defendant Jose Gabriel Meza was convicted of second degree robbery. On appeal, Meza contends the evidence was insufficient to sustain his robbery conviction. We reject Meza's claim of error and affirm the conviction.

STATEMENT OF FACTS

In March 2018, Meza and an accomplice entered a smoke shop, wearing bandanas over their faces, hoodies, and gloves. One of the robbers, later identified using DNA evidence as Meza, swung at the shop owner but missed. He also appeared to be carrying a gun. Meza was captured on surveillance video removing cash from the cash register.

While the robbery was in progress, the shop owner called 911. The transcript of the 911 call was entered into evidence at trial. The shop owner observed the robbers leaving the store and getting into a nearby car. The robbers stole $1,200 in cash and 20 cartons of cigarettes worth approximately $1,500.

After police responded to the smoke shop, they collected evidence, including swabbing the cash register and the cash register key to obtain DNA. DNA samples were collected from the shop owner and from Meza. Meza's DNA profile was found on the cash register key.

Meza was charged with one count of second degree robbery (Pen. Code, § 211)[1] with an allegation of personal use of a firearm (§ 12022.53, subd. (b)). The jury found Meza guilty of robbery but found the firearm

---

[1] All further statutory references are to the Penal Code.

2

allegation not true. The trial court sentenced Meza to three years in prison to run concurrently with a sentence in another criminal case.

## DISCUSSION

Meza argues the evidence was insufficient to support his conviction for robbery because his DNA could have been transferred onto the cash register key from another individual. We conclude substantial evidence supported the jury's verdict and therefore affirm the conviction.

### I.

### FACTUAL BACKGROUND

A forensic expert witness for the prosecution testified regarding the testing and analysis of the DNA evidence. Testing of the cash register key identified a single source of DNA evidence. When a profile contributes at least 85 percent of all the DNA detected in the sample, the lab interprets that profile as a single source profile. Meza was "included" as a source of the DNA on the key. The expert testified, "[T]he probability of choosing an individual at random who could not be excluded as the source of that key sample is estimated to be more rare than one in 1 trillion unrelated individuals. It's highly unlikely you would find another individual who had that particular profile."

The forensic expert testified that "[i]t's possible" that DNA evidence may be transferred from another location. For example, if a person wears gloves and then touches their face, their DNA would be on the outside of the gloves. Then if another person wears those gloves and touches an object, it is possible that the DNA of the owner of the gloves could be transferred to that object. The forensic expert noted that if one person transferred the DNA of another person from one object to another, you would generally also find the DNA of the transferor on the second object. Here,

3

however, the cash register key did not contain any DNA profile other than Meza's.

On cross-examination, defense counsel asked the forensic expert about three hypothetical scenarios regarding how Meza's DNA could have gotten on the cash register key. In the first scenario, Meza was the owner of the glove, and he touched the key. In the second scenario, someone else wore gloves owned by Meza and that person touched the key. In the third scenario, someone wearing gloves picked up Meza's DNA from the door of the shop and transferred it to the cash register key.

The forensic expert testified that the first scenario was "reasonable." As to the second scenario, the expert testified it was "possible," but concluded it was more likely that Meza's DNA came from "direct transfer," rather than a "secondary transfer." Regarding the third scenario, the forensic expert testified that, although "it would be possible," it was "[d]efinitely not as likely, again, as a direct transfer."

## II.

### LEGAL STANDARD

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)

"When [a defendant] challenges the sufficiency of the evidence to support a conviction, the appellate court reviews the entire record to see "'whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt."'" (*People v. Cochran* (2002) 103 Cal.App.4th 8, 12–13, disapproved on other grounds in *People v. Soto* (2011) 51 Cal.4th 229, 248, fn. 12.) "We view the facts in the light most

4

favorable to the judgment, drawing all reasonable inferences in its support." (*Cochran*, at p. 13.) "The test on appeal is not whether we believe the evidence established the defendant's guilt beyond a reasonable doubt, but whether ""*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.""" (*Ibid.*)

III.

ANALYSIS

Here, there was sufficient evidence to prove that Meza was guilty of robbery. Eyewitness testimony and security videos show two masked men forcefully taking $1,200 from the cash register and taking cartons of cigarettes. There was sufficient evidence to prove that Meza was one of these men because his DNA profile was found on the cash register key immediately after the robbery, and his was the only source of DNA on the key.

Meza argues the evidence was insufficient to prove that he was the perpetrator of the robbery because his DNA on the cash register key could have come from secondary transfer by another person, who either wore Meza's gloves or picked up his DNA from the doorway of the smoke shop. Defense counsel raised each of these theories at trial, but the jury nevertheless found Meza guilty. At most, these possibilities present conflicting evidence for the jury to determine, which we do not reweigh. (*People v. Shiff* (2021) 59 Cal.App.5th 571, 579.) "'[I]t is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.""" (*People v. Holt* (1997) 15 Cal.4th 619, 668.)

5

Accordingly, the evidence adduced at trial was sufficient to support Meza's robbery conviction.

## DISPOSITION

The judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.